UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | No. | 08 CV 160 |
| v. | ) | | 98 CR 845 |
| | ) | | |
| FABIAN LAFUENTE | ) | Judge Harry D. Leinenweber | |

### GOVERNMENT'S RESPONSE TO DEFENDANT LAFUENTE'S MOTION UNDER 28 U.S.C. § 2255

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits the following response to *pro se* defendant Fabian Lafuente's timely-filed 28 U.S.C. § 2255 motion. Defendant argues that his trial counsel was operating under actual conflict of interest rendering his counsel constitutionally ineffective; that this Court committed constitutional error by inadequately investigating the purported conflict between defendant and his counsel; and that his trial counsel's performance was, for a variety of reasons, constitutionally ineffective. This Court must, for the reasons set forth below, deny defendant's § 2255 motion without a hearing.

**I.    PROCEDURAL BACKGROUND**

The defendant was charged with attempting to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count One), possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two), possessing a firearm with an altered, removed or obliterated serial number, in violation of 18 U.S.C. § 922(k) (Count

Three), making a false statement designed to deceive a firearms dealer in connection with the purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6) (Count Four), and possessing a firearm in furtherance of the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Five).[1]  R. 8.[2]

On September 22, 2003, the defendant was convicted after a jury trial of Counts One, Two and Three.  R. 101, 130; 9/22/03 Tr. 463-64.

On February 13, 2004, defendant, through substitute counsel George Leighton, filed his motion for a new trial.  R. 117.  Defendant's motion was based in part on claims that he had received ineffective representation, and specifically that his lead counsel had failed to disclose to defendant certain disciplinary issues she faced with the Attorney Registration and Disciplinary Committee ("ARDC"), as well as her treatment by a mental health professional; that she failed to call material witnesses and to object to certain evidence at trial; that she failed to move to suppress certain evidence; and that she pressured defendant to testify at trial.  *Id.*[3]

On March 11, 2004, this Court ruled that trial counsel's representation of defendant was "most adequate," and concluded that there was no basis for finding that

---

[1] On September 15, 2003, the government moved to dismiss the count charging defendant with making false statements to a firearms dealer (Count Four).  R. 72.

[2] References to the documents in the record are to the docket number on the district court's docket sheet, *e.g.*, "R.\_"; references to the transcript of particular hearings are to "[date] Tr. \_"; references to defendant's instant Petition are to "Petition \_."

[3] These claims are repeated in the instant Petition.

defendant had been deprived of effective representation. 3/11/04 Tr. 2. This court noted that it was advised that defendant had been informed of the issue concerning lead defense counsel's disciplinary problem, and that defendant wished to proceed with Ms. Gambino as his trial counsel. 3/11/04 Tr. 3. This Court then denied the defendant's motion for a new trial and his motion for an evidentiary hearing. *Id.*; R. 122.

This Court sentenced defendant on April 28, 2004 (R. 130; 4/28/04 Tr. 143 ), and the final judgment was entered on May 5, 2004 (R. 130). This Court, following a *Paladino* remand, on July 24, 2007, sentenced defendant to 188 months imprisonment. Defendant timely filed the instant petition on January 8, 2008.

## II.  ANALYSIS OF DEFENDANT'S CLAIMS

Defendant seeks to collaterally attack his sentence by way of a 28 U.S.C. §2255 motion, arguing that lead defense counsel was laboring under a conflict of interest, and that his trial counsel also provided him with constitutionally ineffective assistance.

### A.  Conflict of Interest Claim

Defendant first claims that he was denied constitutionally effective assistance of counsel because lead defense counsel at the time of his trial (September 2003) was "facing serious criminal charges" from the U.S. Attorney's Office in Chicago. *See* Petition at 2-7. According to defendant, the U.S. Attorney's Office was investigating lead counsel "during his trial," and that this attorney therefore "had an interest in maintaining a friendly and cooperative relationship with the U.S. Attorney's Office with a view to

arriving at a favorable disposition of her criminal charges." *Id.* at 2-3.  Defendant, in support of his claim, contends that one of the prosecutors "brought it to the court's attention that there existed a problem with [lead counsel's] representation of [defendant]." *Id.* at 3.  According to defendant, this "problem" concerned lead trial counsel's facing criminal charges.  *Id.* at 3-4.  Defendant argues that this purported conflict caused defense counsel, as well as defense counsel's co-counsel, to provide defendant with substandard representation.  *Id.* at 6.[4]

Defendant's claim falls far short of the mark.  Most fundamentally, there is no support for defendant's claim that his lead counsel was facing criminal charges from the same prosecutor's office against whom she was defending her client at trial.  Defendant points to no evidence in support of his bald assertion that lead counsel was being "investigated" during the trial, or that she was facing any criminal charges.  In fact, the government is not aware that any such evidence exists.

Instead, as the Seventh Circuit and this Court recognized, what the government brought to the Court's attention during the trial was that defendant's lead trial counsel was facing the imposition of certain ARDC *disciplinary* sanctions that could potentially impact the Court's scheduling during trial.  *See* Tr. 32-34, 36, 237 ("It is simply something that [the government prosecutor's] supervisors felt [the Court] should be

---

[4] Defendant also as an apparent "aside" claims that lead trial counsel was suffering from "major depression" during the trial.  Id. at 7.  This argument was considered, and properly rejected, by the Court of Appeals.  *See United States v. Lafuente*, 426 F.3d 894, 896-97 (7th Cir. 2005).

apprized of . . . ."); *see also Lafuente*, 426 F.3d at 896 ("The [district] court noted that it had advised [defendant] of [the attorney's] disciplinary issues, and that [defendant] had indicated he wanted to proceed with [the attorney] as his trial counsel."). Defendant's claim that his lead counsel was laboring under an actual conflict of interest is therefore devoid of merit.[5]

### B. Ineffective Assistance of Trial Counsel

Defendant raises several specific ineffective assistance of counsel claims. In order to establish ineffective assistance of trial counsel, defendant must show that (1) his attorney's performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984); and that (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Id.* at 694; *see also Rodriguez v. United States,* 286 F.3d 972, 983 (7th Cir. 2002). In terms of the performance prong, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. Only those "who can prove under *Strickland* that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ. . . ." *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *Strickland*, 466 U.S. at 687,

---

[5]Defendant's second claim – that the Court failed to "make adequate inquiry into [the conflict]," *id.* at 8-11 – must therefore likewise fail.

and "*Strickland* builds in an element of deference to counsel's choices in conducting the litigation." *Holman v. Gilmore*, 126 F.3d 876, 881 (7th Cir. 1997). In order to establish prejudice under the second prong, the unprofessional errors of counsel must be so egregious "that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman*, 477 U.S. at 374.

### 1.    Defendant "Badgered and Coerced" Into Testifying

Defendant asserts that, while he and his lead trial counsel prior to trial agreed that he would not take the stand, in the midst of trial lead trial counsel "called [defendant] to the witness stand," and defendant agreed to testify in his own defense because he was "afraid to let the jury see him object or refuse to take the stand for fear the jury would think he had something to hide and was guilty." Petition at 12.

Defendant unsuccessfully raised this claim of purported ineffectiveness during his direct appeal. *See Lafuente*, 426 F.3d at 896 ("[Defendant] argued that [counsel] pressured [defendant] to testify. . . ."). Moreover, there is absolutely nothing in the record substantiating defendant's claim that his decision to testify was in fact his attorney's, and that he was somehow "ambushed" into testifying when his counsel to his surprise called him to the stand in the presence of the jury. Defendant and his lead trial counsel instead made a strategic decision, and this decision hardly qualifies as ineffective assistance. *See generally Lee v. Murphy*, 41 F.3d 311, 315 (7th Cir. 1994).

### 2.    Defendant's Lead Trial Counsel Failed to Appropriately Prepare Defendant for Cross-Examination

Defendant next in cursory fashion contends that his counsel failed to properly prepare him to testify in his own defense. Petition at 12. More specifically, defendant broadly claims that his counsel should have discussed with him the questions the prosecutor might ask, as well as how to answer questions so that defendant did not "incriminat[e] himself." *Id.* Defendant, however, fails to specify exactly what prosecution questions he was unprepared for, or what supposedly non-incriminating answers he thinks his attorney should have prepared him for. As such, his claim must fail.

### 3. Defendant's Lead Trial Counsel's Failure to Object to Hearsay Testimony

According to defendant, his trial counsel should have objected to the testimony of ATF S.A. Marc Anton when S.A. Anton "interpret[ed] sounds and phrases heard on the tape recording between [the government's Confidential Informant] and [defendant]," when he "interpreted" what defendant said, when he testified that in his experience drug dealers do not want innocents around their drug dealing, etc. *Id.* at 13-14. Once again, defendant unsuccessfully raised this ineffectiveness claim during his direct appeal. *See Lafuente*, 426 F.3d at 896 ("[Defendant] argued that [counsel] had failed to make certain objections at trial . . . .").

Moreover, defendant fails to mention that S.A. Anton was certified as a narcotics expert with extensive experience with firearms, *see* Tr. 49, 55, and testified on the basis of his eleven years of experience as a law enforcement officer, Tr. 48. As such, SA

Anton was certainly permitted to opine that the noise he heard on the audiotape recorded in defendant's residence sounded like a slide of a firearm.  An objection to this would have been overruled, and even if sustained would not have had any impact on the outcome of the case (indeed, the jury did not convict defendant of the gun charge).  Likewise, SA Anton's expert opinion that drug dealers do not want to have non-involved individuals around them during drug deals (interpreting defendant's statement "you better come by yourself," Tr. 81) was well within SA Anton's area of expertise, and in any event was of no significance in light of the mountain of evidence against him discussed below.  Defense counsel's performance in not objecting to the questions did not result in constitutionally ineffective representation.

### 4. Defendant's Lead Trial Counsel Failed to Call Certain Witnesses

Defendant goes on to assert that his lead trial counsel should have called the government's Confidential Informant as a witness in defendant's case.  Petition at 15.  Contrary to defendant's claim, the government would have welcomed defendant's decision to call the Confidential Informant so the jury could have received additional evidence of defendant's criminal activities (including prior drug deals), and so the jury could have considered the Confidential Informant's statements on the tapes for the truth of the matter asserted (as opposed to considering them only for context, which the jury was instructed to do because the Confidential Informant was not present).  Defendant wisely chose not to do so.  Defense counsel certainly cannot be faulted for this decision.  In addition, contrary to defendant's claim, defense counsel was permitted to adduce

evidence about the purported bias of the government's confidential informants, *see* Tr. 124-127, thus rendering the "failure" to call the Confidential Informant even more meaningless.

Defendant also claims that certain other unnamed individuals could have been called, and he faults trial counsel for failing to interview and call them. *Id.* at 15-16. Defendant, however, does not specify who these witnesses are or what they would say. Moreover, defendant unsuccessfully raised this basis for purported ineffectiveness during his direct appeal. *See Lafuente*, 426 F.3d at 896 ("[Defendant] argued that [counsel] had failed to . . . call material witnesses . . . .").

### 5. No Errors by Counsel Put Verdict In Question

The case against defendant, which included highly incriminating recorded conversations and video, was overwhelming, and defendant has failed to demonstrate that trial counsel's purported errors rendered the outcome of the trial suspect. The Seventh Circuit, quoting the district court, in fact noted that defendant's representation by his two trial counsel was "most adequate." *Lafuente*, 426 F.3d at 896. In light of the strength of the government's case, defendant has not demonstrated any errors so unprofessional and egregious "that the trial was rendered unfair and the verdict rendered suspect." *Morrison*, 477 U.S. at 374; *see also Rodriguez*, 286 F.3d at 984.

## IV. CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court deny defendant's § 2255 petition without a hearing.

          Respectfully submitted,
          PATRICK J. FITZGERALD
          United States Attorney

By:   s/T. Markus Funk
       T. MARKUS FUNK
       Assistant U.S. Attorney
       U.S. Attorney's Office
       219 S. Dearborn Street
       Chicago, Illinois 60604
       (312) 886-7635

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S RESPONSE TO DEFENDANT LAFUENTE'S MOTION UNDER 28 U.S.C. § 2255**

were served on March 10, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

s/T. Markus Funk
T. MARKUS FUNK
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois
(312) 886-7635
