IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**FABIAN LAFUENTE,**<br><br>　　　　　　　　**Defendant.** | Case No. 08 C 160<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Fabian Lafuente's (hereinafter, "Lafuente") Motion to Vacate, Set Aside, or Correct His Sentence Pursuant to 28 U.S.C. § 2255. For the following reasons, the motion is denied without an evidentiary hearing.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On September 22, 2003, Fabian Lafuente was convicted by a jury of attempting to possess cocaine with intent to distribute, possessing with intent to distribute, and possessing a firearm with an altered, removed, or obliterated serial number. This Court sentenced Lafuente on April 28, 2004 to 300 months. Lafuente's conviction was affirmed on appeal, and following a *Paladino* remand, on July 24, 2007, this Court sentenced Lafuente to 188 months imprisonment. Lafuente timely filed this § 2255 motion on January 8, 2008.

## II. DISCUSSION

### A. Actual Conflict of Interest

Lafuente asserts that his trial counsel, Andrea Gambino, provided ineffective assistance because she had an actual conflict of interest that adversely affected her performance. *See Hall v. U.S.*, 371 F.3d 969, 973 (7th Cir., 2004) (citing *Cuyler v. Sullivan*, 446 U.S. 335 (1980)). "Under *Sullivan*, an actual conflict exists if the defense counsel was faced with a choice between advancing his own interests above those of his client." *Id.* (citation omitted). An "'adverse effect' occurs 'when an attorney's actual conflict of interest causes a lapse in representation contrary to the defendant's interests.'" *Gray-Bey v. U.S.*, 156 F.3d 733, 739 (7th Cir., 1998) (citation omitted).

Lafuente asserts that during and prior to his trial, Ms. Gambino was under investigation and facing criminal charges by the same U.S. Attorney's Office that was prosecuting him. *See* Mot. at 2. He alleges that Ms. Gambino "had been found to be [h]arboring an illegal alien named Jorge Ramos-Gonzales in violation of Title 8 U.S.C. § 1324"; that she "had been caught red-handed"; "admitted her guilt in the matter to the U.S. Attorney's Office"; and that "[t]o avoid her own criminal charges Ms. Gambino had an interest in maintaining a friendly and cooperative relationship with the U.S. Attorney's Office with a view to arriving at a favorable disposition to her criminal charges." Mot.

at 3. Thus, she could not, and did not, provide him with vigorous and effective representation.

The Seventh Circuit has held that "[a] situation of this sort (the criminal defendant's lawyer himself under criminal investigation), . . . can create a conflict of interest. It may induce the lawyer to pull his punches in defending his client lest the prosecutor's office be angered by an acquittal and retaliate against the lawyer. Such retaliation would be unethical; but still the defense lawyer may fear it, at least to the extent of tempering the zeal of his defense of his client somewhat. Yet presumably the fear would have to be shown before a conflict of interest could be thought to exist." *Thompkins v. Cohen*, 965 F.2d 330, 332 (7th Cir., 1992).

Although an actual conflict of interest can exist under these circumstances, Lafuente has not provided any evidence that Ms. Gambino was being investigated or facing criminal charges by the U.S. Attorney's Office. Under *Prewitt v. U.S.*, 83 F.3d 812 (7th Cir., 1996), a § 2255 motion must be accompanied by "a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Id.* (citing *Prewitt*, 83 F.3d at 819). While an evidentiary hearing must be granted "if a § 2255 petitioner 'alleges facts that, if proven, would entitle him to relief,' the threshold determination that the petitioner has sufficiently alleged such facts requires

the petitioner to submit a sworn affidavit showing what specific facts support the petitioner's assertions." *Galbraith v. U.S.*, 313 F.3d 1001, 1009 (7th Cir., 2002) (citations omitted).

Lafuente has submitted his own affidavit, wherein he states that he was never advised by Ms. Gambino or her co-counsel, Keri Ambrosio, that Ms. Gambino was being investigated and facing criminal charges by the U.S. Attorney's Office, and that he did not become aware of this until after his trial and conviction. He further states that if he had known these facts, he would not have allowed her to represent him. Ex. C at 1-2. Despite these sworn statements, Lafuente has not provided any evidence that Ms. Gambino *was in fact* under investigation and/or facing criminal charges by the U.S. Attorney's Office. His statements *assume* that she was under investigation and facing criminal charges. The Government asserts in its response to Lafuente's motion that "there is no support for defendant's claim that his lead counsel was facing criminal charges from the same prosecutor's office against whom she was defending her client at trial. Defendant points to no evidence in support of his bald assertion that lead counsel was being "investigated" during the trial, or that she was facing any criminal charges. In fact, the government is not aware that any such evidence exists." Response at 4.

What the record does show is that Ms. Gambino was being investigated and disciplined by the Illinois Attorney Registration

and Disciplinary Commission (the "ARDC") for having a personal relationship with a client who was an illegal alien and whose unlawful stay in the country she had helped facilitate. Among the exhibits that Lafuente attached to his motion is the ARDC complaint against Ms. Gambino dated September 5, 2002. *See* Ex. B. The complaint asserts that her acts were in violation of 8 U.S.C. § 1324 (Bringing and Harboring Certain Aliens). While Ms. Gambino could have been prosecuted for such acts, the ARDC complaint provides no evidence that Ms. Gambino was actually under investigation or facing criminal charges by the U.S. Attorney's Office.

The issue of Ms. Gambino facing ARDC disciplinary charges was raised before the Court, and the Court made an inquiry into the matter. On September 16, 2003, the first day of trial, Ms. Gambino stated to the Court, "the government has brought to my attention an issue that has a bearing on my representation of Mr. Lafuente. While I don't believe it's an issue I would like to go and talk to [supervisors of the AUSA] and have suggested that they need to bring it up before we continue." Sept. 16, 2003 Tr. 32. Ms. Gambino did not want to discuss the problem on the record or in Lafuente's presence, and the Court, the government, and Ms. Gambino discussed the matter in chambers off the record. *Id.* at 32-36.

The next day, the government raised the issue of whether Ms. Gambino had discussed with her client whether he wished to continue

with her as his counsel.  The government stated its position that "[t]here is no conflict."  Sept. 17, 2003 Tr. 237.  Ms. Gambino stated, "[w]ithout disclosing the contents of my discussion with my client, he wishes that I continue to represent him."  *Id.*

After trial, Lafuente's new counsel, George Leighton, filed a motion for new trial based on ineffective assistance of counsel, arguing that "Gambino had failed to disclose to him certain disciplinary and mental health problems that she had, that she failed to call material witnesses, that she pressured him to testify, that she failed to make certain objections at trial, and that she did not make adequate motions to suppress evidence."  *U.S. v. Lafuente*, 426 F.3d 894, 896 (7th Cir., 2005).  The Court denied the motions for a new trial and hearing because it believed that "[t]he representation[] . . . was most adequate."  Mar. 11, 2004, Tr. 2.

In sum, Lafuente has not shown that an actual conflict existed because he has provided no evidence that Ms. Gambino was under investigation or facing criminal charges by the same U.S. Attorney's Office that was prosecuting him.

### B.  Ineffective Assistance of Counsel

Lafuente raises other specific grounds of ineffective assistance-namely that Ms. Gambino forced him to testify even though he did not want to, failed to prepare him to testify, failed to object to hearsay testimony that was prejudicial to his case,

and failed to investigate and interview witnesses favorable to his defense. In other to prevail on an ineffective assistance of counsel claim, Lafuente must show that his attorney's performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and that "but for counsel's unprofessional errors the result of the proceeding would have been different," *id.* at 694. Counsel "is presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

Contrary to the government's assertions, *see* Response at 6-7, 9, these issues were not addressed by the Seventh Circuit on appeal. The portions of the Seventh Circuit opinion from which the government quotes, are part of the "history" section of the opinion which recounts arguments Mr. Leighton presented in his motion for new trial (denied by this Court), *see Lafuente*, 426 F.3d at 896. Even though Lafuente did not raise these issues on direct appeal, ineffective assistance claims may be raised for the first time in a § 2255 motion. *Massaro v. U.S.*, 538 U.S. 500, 504 (2003).

### 1. *Lafuente's Testimony and Counsel's Alleged Failure to Prepare Him to Testify*

The government claims that Lafuente and his trial counsel made a "strategic decision" that Lafuente testify in his own defense. Response at 6-7. There is no support in the record for this assertion, and the Court does not see how there could be, given

that that discussion would not have been made by the defendant and his counsel on the record at trial. Lafuente's affidavit does allege specific facts that support his allegations; he states:

> prior to trial I told Ms. Gambino that I was not going to testify at trial. At trial Ms. Gambino badgered and coerced me into taking the stand to testify in my defense. Ms. Gambino had not prepared me to testify and I was not prepared to testify. As a result[] of not being prepared to testify I became confused and made statements that helped the government to convict me. I did not want to testify.

Ex. C at 2. But even if these allegations regarding Ms. Gambino's conduct were true, Lafuente must still show that he was prejudiced–that the result of the proceeding would have been different if he had not testified. After evaluating the record as a whole, the Court finds that Lafuente has not shown that he was prejudiced. If Lafuente had not testified, he would not have been able to present his version of events; i.e., that he was entrapped, and that he gave the money to confidential informant David Ortiz out of generosity in order to help Ortiz pay back money owed to drug lords. *See* Sept. 19, 2003 Tr. 290-300. Moreover, whatever Lafuente said during his testimony, it was nothing compared to the other evidence that the government presented against him at trial, such as the taped recordings wherein Ortiz and Lafuente discussed the drug deal, the testimony of SA Anton interpreting those recordings, the guns, plastic baggies and scales discovered at his house after his arrest.

### *2. Failure to Object to Testimony by Special Agent Marc Anton*

Lafuente argues that Ms. Gambino was ineffective for (1) failing to object to Anton's testimony regarding the sound on an undercover recording being "the sound of a slide on a firearm, a semi-automatic pistol," (2) failing to object to Anton's interpretation of Lafuente's statement, "All right, bro, you better come by yourself," as an indication that drug dealers such as Lafuente did not want other people around during the drug transaction, and (3) failing to object to Anton's testimony that when David Ortiz was arrested, Ortiz stated that Lafuente was a "large-scale drug dealer." Lafuente argues that this testimony was hearsay. As to the first two claims, since Anton had been qualified as an expert in narcotics trafficking, these statements were within his area of expertise, so any objections to these statements would have been overruled. Moreover, Ms. Gambino challenged Anton's expertise in drug slang and code words during cross-examination. *See* Sept. 17, 2003 Tr. 120-22.

As to Anton's recounting of what Ortiz said about Lafuente, this was not hearsay because it was not admitted for the truth of the matter asserted; Anton was simply recounting how the government began its investigation of Lafuente. *See* Sept. 16, 2003 Tr. 56. In any case, the government presented plenty of other evidence in the form of the undercover recordings that Lafuente was, in fact,

a drug dealer.  The Court finds that Ms. Gambino's conduct was not below an objective standard of reasonableness.

### 3. *Failure to Interview and Call Certain Witnesses*

Lafuente argues that Ms. Gambino was ineffective for failing to interview and call certain witnesses who would have been favorable to his defense.  "A lawyer's decision to call or not call a witness is a strategic decision generally not subject to review." *U.S. v. Williams*, 106 F.3d 1362, 1367 (7th Cir., 1997). Furthermore, "a petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information, that is, 'a comprehensive showing as to what the investigation would have produced.'"  *U.S. ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1133 (7th Cir., 1990)  (citation omitted).  Lafuente does not explain who these witnesses are or what they would have said that would have been favorable to his defense.

With respect to confidential informant David Ortiz, Lafuente was not prejudiced by the failure of counsel to call him because if he had been called, Ortiz's statements on the recordings could have been considered for the truth of the matter asserted and not merely for context.  Ms. Gambino also cross-examined Anton regarding the potential biases and motives of confidential informants generally, including the fact that they may be cooperating in return for a

reduction in their own criminal charges. *See* Sept. 17, 2003 Tr. 124-27.

### III. CONCLUSION

For the reasons stated herein, Lafuente's 28 U.S.C. § 2255 Motion is denied.

**IT IS SO ORDERED.**

　
　
　
　
　
　
　Harry D. Leinenweber, Judge
　United States District Court


Dated:　　August 14, 2008