# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 160 | **DATE** | 8/19/2011 |
| **CASE TITLE** | Lafuente vs. United States of America | | |

**DOCKET ENTRY TEXT**

Petitioner Fabian Lafuente's petition for habeas corpus under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is denied. A full evidentiary hearing is not required for the Court to make this decision.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

  Before the Court is Fabian Lafuente's 28 U.S.C. § 2255 Petition to Vacate, Set Aside, or Correct His Sentence. The Court set forth the facts of this case in its previous opinion on this petition, *see* ECF No. 9, Aug. 14, 2008, so it is not necessary to repeat them in detail. In short, On September 22, 2003, a jury convicted Lafuente on three counts of drug and firearm violations. Lafuente's § 2255 habeas petition presents several ineffective assistance of counsel claims, one being that his trial counsel, Andrea Gambino, had a conflict of interest that adversely affected her performance. Lafuente learned after his trial that the Illinois Supreme Court, through a petition brought by the ARDC, suspended Gambino from practicing law in Illinois starting on January 1, 2004, for having a personal relationship with a client, who was an illegal alien, and violating federal law by providing transportation and shelter to this former client.

  The Court denied Lafuente's petition on August 14, 2008. On appeal, the Seventh Circuit remanded the case with an order to conduct further discovery or an evidentiary hearing to determine if Gambino in fact had a conflict of interest that entitles Lafuente to habeas relief. *Lafuente v. United States*, 617 F.3d 944, 946–47 (7th Cir. 2010). On March 31, 2011, Lafuente's counsel deposed Gambino. At a status hearing on April 26, 2011, the Court set a briefing schedule on whether this deposition satisfied the Seventh Circuit's order, and if further discovery or a full evidentiary hearing was required to resolve Lafuente's petition.

  The Court finds that no further discovery or an evidentiary hearing is required, as Gambino's deposition establishes that Lafuente cannot meet his burden that Gambino had a conflict of interest that violated his Sixth Amendment rights. This Circuit has established that "an 'actual conflict of interest' exists only where there is a danger that the defense attorney would ineffectively represent his client because of fear that authorities might become aware of the attorney's own misconduct if he undertook effective representation." *United States v. Balzano*, 916 F.2d 1273, 1293 (7th Cir. 1990). The attorney must have a subjective fear of retaliation. *See United States v. Montana*, 199 F.3d 947, 949 (7th Cir. 1999); *Lafuente*, 617 F.3d at 946.

**STATEMENT**

The Seventh Circuit remanded the case so that the Court could determine if the United States Attorney's Office actually investigated Gambino, or whether Gambino had a subjective fear of retaliation. *Lafuente*, 617 F.3d at 946–47. Sometimes, the court must conduct an evidentiary hearing to determine whether a conflict exists. *See Balzano*, 916 F.2d at 1292–93 (quoting *United States v. Barnes,* 909 F.2d 1059, 1065 (7th Cir. 1990)). The Court also has the discretion to order discovery or something short of a full-blown evidentiary hearing to address the Seventh Circuit's order. *Lafuente*, 617 F.3d at 946.

Both Lafuente's counsel and the government's counsel questioned Gambino at her deposition. The evidence shows that the U.S. Attorney's Office did investigate Gambino. However, at her deposition, Gambino consistently stated that she did not fear that she would be subject to retaliation or punishment by the U.S. Attorney's Office for representing Lafuente at trial. Gambino Dep., 16:13–19; 20:3–21; 24:7–15; 30:15–31:10; 32:3–33:3; 33:21–34:6; 35:14–16; 39:15–40:3; 60:18–61:7, Mar. 31, 2011. Gambino is an experienced criminal defense attorney, which gives her a learned perspective on the procedures of the U.S. Attorney's Office. *Id*. at 31:5–10. She knew that the U.S. Attorney's Office had sent the ARDC a letter on August 17, 2001, that detailed the results of its investigation into her misconduct, as well as stated that the Office had declined to prosecute her. Gambino established in her deposition her understanding that while the government had not formally closed its investigation of her or formally abandoned the possibility that it would prosecute her, she was confident that the government would not prosecute her. This allowed her to defend Lafuente without the fear of retaliation or punishment.

Further, Gambino admitted to the ADRC that she engaged in the conduct alleged by the U.S. government. *Id*. at 53:17–57:12. She made these inculpatory statements without fear of prosecution. Granted, she formally made this admission shortly after Lafuente's trial. But a reasonable, experienced defense attorney would most likely not make such an admission if she thought this could provoke the government to reopen its investigation of her.

Upon considering Gambino's deposition testimony, the Court cannot envision how a full or partial evidentiary hearing would alter the record in such a way that would show that Gambino actually feared retaliation. This is not mere speculation; the Court does not need to hear Gambino repeat her testimony in open court to assess her credibility. An evidentiary hearing would be an unnecessary use of attorney and judicial resources. If Gambino had shown any indication in her deposition that she feared retaliation or prosecution because of her advocacy of Lafuente, the Court would conduct an evidentiary hearing to resolve this issue. The law and facts show, however, that Lafuente is not entitled to § 2255 relief due to the U.S. Attorney's Office's investigation into Gambino's conduct that ended in 2001 and the ARDC proceeding against Gambino that was pending during Lafuente's trial. Accordingly, Lafuente's § 2255 petition is denied.